UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-61898-CIV-DAMIAN/Valle

**EDDY ROBERTO ESPINAL ENCARNACIÓN**,

    Petitioner,

v.

**FIELD OFFICE OF DIRECTOR OF MIAMI
ICE FIELD OFFICE,
TODD LYONS, Acting Director U.S. Immigrations
and Customs Enforcement,
KRISTI NOEM, U.S. Secretary of Homeland Security,** *and*
**PAMELA BONDI, U.S. Attorney General**,

    Respondents.
_____/

## ORDER FOLLOWING HEARING ON PETITION

**THIS CAUSE** is before the Court following a Motion Hearing held on December 19, 2025, during which the Court addressed Petitioner, Eddy Roberto Espinal Encarnación's ("Petitioner"), Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1 ("Petition")], filed September 23, 2025. Respondents filed a Response to this Court's Order to Show Cause [ECF No. 14 ("Response")], and Petitioner filed a Reply [ECF No. 15].

THE COURT has reviewed the Petition, the parties' briefing, the relevant legal authorities, and the pertinent portions of the record and is otherwise fully advised. The undersigned also heard argument from the parties, through counsel, at the December 19th hearing.

### I.    BACKGROUND

The background relevant to Petitioner's immigration status and proceedings before the Immigration Court is set forth in the parties' submissions. *See* generally, Pet., Resp., Reply.

In brief, Petitioner is a native and citizen of the Dominican Republic who entered the United States without inspection near Aguada, Puerto Rico, on or about November 16, 1999. Resp. at 2. On August 12, 2025, Petitioner was encountered by U.S. Immigration and Customs Enforcement (ICE) in San Juan, Puerto Rico. ECF No. 1 at 1. He was arrested outside his home and issued a Notice to Appear (NTA), charging him with removability under section 212(a)(6)(A)(i) of the Immigration and Nationality Act. ECF No. 14, p. 2. Petitioner was placed in ICE custody pursuant to a Warrant for Arrest and served with a Notice of Rights and Request for Disposition, which he refused to sign. *Id*. On the same day, Petitioner was also served a Notice of Custody Determination. *Id.*

On August 28, 2025, Petitioner requested a bond hearing. *Id.* However, while Petitioner's request was pending, on September 5, 2025, the Board of Immigration Appeals ("BIA") issued the decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). In *Hurtado*, the BIA held that aliens who entered the United States without admission are "applicants for admission" who are subject to the provisions of 8 U.S.C. § 1225(b)(2)(A) and are not eligible for a bond hearing. *Id*. at 220. Consequently, on September 11, 2025, the Immigration Judge denied Petitioner's bond determination request, stating that Petitioner is subject to mandatory detention due to the decision in *Matter of Yajure Hurtado* and the provisions of 8 U.S.C. § 1225(b)(2)(A). *See* Pet. at 16. Petitioner did not file an appeal at the BIA. Resp. at 2. Petitioner remains in ICE custody at the Broward Transitional Center, in the Southern District of Florida.[1] *Id.* at p.3.

---

[1] On August 20, 2025, Petitioner was transferred to the South Florida Detention Facility in Ochopee, Florida, and later, on or about September 12, 2025, was moved to the Broward Transitional Center in Pompano Beach, Florida. ECF No. 1 at 2-5.

On September 23, 2025, Petitioner filed the Petition now before this Court. In the Petition, Petitioner claims that his detention without a bond hearing is unlawful and violates his Constitutional due process rights. *See* generally, Pet. He requests that this Court assume jurisdiction over this matter, order that Petitioner not be transferred outside the Southern District of Florida, issue an order to show cause to Respondents, declare that Petitioner's detention is unlawful, and issue a writ of habeas corpus ordering Petitioner's immediate release or requiring the immigration authorities to hold a bond hearing and release him on bond. *See* Pet. at 8.

In his subsequently filed Motion for Order to Show Cause, Petitioner argues, generally, that the *Matter of Hurtado* decision was wrongly decided and that 8 U.S.C. § 1226(a) applies to individuals in Petitioner's circumstances, that is, aliens in the United States who were not lawfully admitted, rather than § 1225, which applies to aliens seeking admission to the United States. *See* ECF No. 7 ("Motion"). Thus, Petitioner argues that he is entitled to a bond determination hearing. *Id*. Respondent, on the other hand, argues that the immigration judge is bound by the BIA decision in Matter of Hurtado and that Petitioner is an alien seeking admission who is governed by the provisions of § 1225(b) and subject to mandatory detention. *See* Resp.

The parties appeared before the undersigned on December 19, 2025, to be heard on the Petition. See ECF No. 27.

## II.   DISCUSSION

As set forth and further detailed on the record at the hearing, this Court agrees with the analysis set forth in *Puga v. Assistant Field Office Director, Krome North Service Processing Center*, in which Chief Judge Cecilia Altonaga determined that "the statutory text, context,

3

and scheme of Section 1225 do not support a finding that a noncitizen is 'seeking admission' when he never sought to do so." No. 25-24535-CIV, 2025 WL 2938369 *5 (S.D. Fla. Oct. 15, 2025) (Altonaga, C.J.). Like Chief Judge Altonaga and the majority of District Courts throughout the country that have analyzed this issue, this Court finds that 8 U.S.C. § 1226(a) and its implementing regulations govern Petitioner's detention, and not Section 1225(b). Therefore, this Court finds that Petitioner is entitled to an individualized bond hearing as a detainee under Section 1226(a).

### III.   CONCLUSION

Accordingly, for the reasons set forth above and on the record at the December 19, 2025 hearing, it is hereby

**ORDERED AND ADJUDGED** that the Petition [**ECF No. 1**] is **GRANTED IN PART** to the extent that Petitioner requests this Court to direct the immigration court to give him a bond hearing. It is further

**ORDERED** that Respondents shall **FORTHWITH** afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner. It is further

**ORDERED** that on or before **January 9, 2026**, Respondents shall file a Status Report informing the Court of the outcome of Petitioner's bond hearing and the status of matters relevant to the Petition. It is further

**ORDERED** that this Court retains jurisdiction to address matters that may arise with respect to the Petition. It is further

**ORDERED** that the Clerk of Court is **DIRECTED** to **CLOSE** this case for *administrative and statistical purposes only* pending compliance with the instant order and until further Order of this Court.

Although the instant Order is entered on the Court's electronic docket this 22nd day of December, 2025, this Court entered its findings on December 19, 2025, and they were binding as of that date. To the extent this Court made additional or more detailed rulings on the record that are not memorialized in this written Order, those rulings are binding on the parties as set forth on the record.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 22nd day of December, 2025.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Counsel of Record